UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNAMALAI ANNAMALAI,

Petitioner,

v.

ANDREW COOPER,

Respondent.

CASE NO. 2:26-cv-02691-BHS-BAT

ORDER

THIS MATTER is before the Court on petitioner Annamalai's emergency motion for a temporary restraining order (TRO), Dkt. 2.

In 2014, a jury in the Northern District of Georgia found Annamalai guilty of several financial crimes ranging from bank fraud to money laundering. No. 1:13-cr-00437-WMR-CMS, Dkt. 207 (N.D. Ga. 2014). He first served his sentence in Georgia and California, and Annamalai is now in custody at the Federal Detention Center at SeaTac. *Id.*, Dkt. 1376.

Annamalai filed a § 2241 habeas petition in this Court, challenging Bureau of Prisons (BOP)'s "unlawful removal" of 620 days of time credit he earned under the First Step Act (FSA). Dkt. 1.

Annamalai moves for an emergency TRO and preliminary injunction. Dkt. 2. He seeks review of BOP's decision to remove 620 days of his FSA time, asserting that if it were not for BOP's unlawful removal of his FSA time credits, he would be at a halfway house now. *Id.* at 1. He also states that he is in immigration proceedings and "will be shipped to another prison to deal with the immigration judge" who will "place a final order of removal." *Id.* at 2. The connection between his immigration concerns and FSA time credits is unclear.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

Under the FSA, eligible prisoners who engage in certain recidivism reduction or productive activities programs can earn time credits to be applied to prelease custody or supervised release. 18 U.S.C. § 3632(d)(4). Generally, a prisoner must exhaust

administrative remedies prior to filing a habeas petition challenging a BOP decision in federal court unless doing so would be futile. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Barrios v. Doerer*, No. 5:24-CV-01826-TJH (DTB), 2025 WL 2433861, at *3 (C.D. Cal. 2025), *report and recommendation adopted*, No. 5:24-CV-01826-TJH (DTB), 2025 WL 2433197 (C.D. Cal. 2025). Although judicial review is available for allegedly unlawful or unconstitutional BOP actions, courts lack jurisdiction over BOP decisions regarding FSA time credits. *Id.* at *4 (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227–28 (9th Cir. 2011)).

Annamalai is unlikely to succeed on the merits of his case. The Court likely lacks jurisdiction to review BOP's decision about his FSA time credits. To the extent he challenges other BOP conduct, he does not adequately represent he has exhausted BOP's administrative remedies.

Annamalai's motion for a TRO is **DENIED**.

IT IS SO ORDERED.

Dated this 4th day of August, 2026.

BENJAMIN H. SETTLE
United States District Judge