UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNAMALAI ANNAMALAI,<br>Petitioner,<br>v.<br>ANDREW COOPER,<br>Respondent. | CASE NO. C26-2691 BHS BAT<br>ORDER |

Petitioner Annamalai Annamalai has filed a series of habeas petitions requesting the Court order the Bureau of Prisons (BOP) to release him to a RRC/halfway house and enjoin the Attorney General from removing him until he completes his time there. Dkt. 1. The Court having reviewed the petitions **DENIES** Petitioner's requests for habeas relief and **DISMISSES** the case as follows:

1. Petitioner, a detainee at the Federal Detention Center SeaTac was convicted in 2014 of numerous felonies in the Northern District of Georgia in *United States v. Annamalai,* No. 13-cr-437, and sentenced to 327 months of imprisonment. Petitioner appealed and the Court of Appeals affirmed some convictions, reversed some convictions, found error in the loss calculation, and remanded for resentencing. *United States v. Annamalai,* 939 F.3d 1216 (11th

Cir. 2019). On remand, Petitioner was resentenced in 2021 to a prison term of 216 months. The 2021 judgment orders:

> Upon completion of the term of imprisonment, the defendant shall be remanded to a duly authorized immigration official upon release from custody for possible deportation. If deported the defendant shall not reenter the United States without first obtaining permission from the Attorney General of the United States.[1]

*See United States v. Annamalai,* 13-cr-437 at Dkt. 986. Petitioner appealed his new sentence, and the Court of Appeals affirmed in *United States v. Annamalai,* 2023 WL 316019 (11th Cir. Jan. 19, 2023).

2. Since his conviction, Petitioner has been detained in various BOP prisons and has filed numerous lawsuits. As the Court in *Annamalai v. Emmerich*, 3:25-cv-00533-jdp (W.D. Wisconsin 2025) stated: "Petitioner Annamalai Annamalai has an extensive history of abusive litigation in federal and state courts." Dkt. 18. In the *Emmerich*, Petitioner sought restoration of 103 days of good-conduct credit which the Court found unsubstantiated. *Id.* The Court also found Petitioner "intentionally made a dishonest statement in his amended petition" and imposed sanctions including barring Petitioner from filing any case in the Western District of Wisconsin for two years. The Court further stated: "I will require [Annamalai] to do the following: "For any future complaint that Annamalai files in any federal district court, he must attach to it a copy of this order." *Id*. at 16. Petitioner has not filed a copy of the order issued in the *Emmerich* case. Additionally, Western District of Wisconsin's order which is dated June 30, 2026, states: "Annamalai has a projected release date of October 12, 2028." *Id.* at 3.

[1] This judgment appears to preclude Petitioner's request that he be immediately released to a RRC/halfway house, and not be taken into custody by the Attorney General. Any challenge Petitioner has with the judgment must be brought in the Northern District of Georgia.

3. Petitioner again challenges the calculations of the First Step Act (FSA) and earned early release credits that he believes he has earned and requests he be released. Petitioner's first and second petitions (Dkts 1 and 3) alleges "BOP has taken 620 days of FSA credits." *See* Dkts. 1 and 3 at 6. Petitioner's third habeas petition filed on August 25, 2026, alleges "two disciplinary proceedings lead to loss of Good Conduct time. They are to the tune of 14 days in I/R #4111620 and 41 days for I/R # 4199762." Dkt. 16 at 2.

4. The Court finds the claims raised in Petitioner's three petitions are pending in a habeas action he filed on February 20, 2026, in the Central District of California in *Annamalai v. Birkholz,* 26-cv-02051-MWC. In *Birkholz*, Annamalai's original petition alleges 628 earned time credits were "unlawfully disallowed," and the loss of credits are based upon unequal treatment. *See* Dkt. 1. Petitioner's amended petition in *Birkholz* alleges he is "factually innocent in the bogus incident report number 4111620 and 4199762." Dkt. 22 at 12. Petitioner's second amended petition in *Birkholz* alleges Annamalai is entitled to RRC/halfway house placement based upon Petitioner's calculations of FSA credits that he is due. Dkt. 29 at 3.

5. As Petitioner's claims are duplicative of claims in an earlier filed habeas action that is pending in the Central District of California, the Court defers to the jurisdiction of that Court and finds it appropriate to dismiss the present habeas matter. *SAES Getters S.p.A. v. Aeronex, Inc*., 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002); *see also R.R. St. & Co. Inc. v. Transp. Ins. Co*., 656 F.3d 966, 974–75 (9th Cir. 2011) ("[C]ourts usually avoid duplicative litigation when similar cases are pending in two different federal courts ....") (emphasis omitted). The Court finds transferring this matter to the Central District of California is inappropriate because the claims brought here are already pending there, and if Petitioner seeks to add additional facts to his claims, he should do so in the earlier filed action.

As Petitioner has no right to proceed on two separate habeas petitions that raise the same claims, the Court concludes it is appropriate to dismiss this matter. *See e.g. Nelson v. Jacquez*, No. 22-615-DGE, 2022 WL 2669281 (W.D. Washington July 11, 2022) adopting report and recommendation at 2022 WL 2672286 (W.D. Washington June 13, 2022) (dismissing § 2241 petition challenging among other things revocation of good time and first step act credits); *see also Shelton v. California Dept. of Corrections and Rehabilitation*, 2008 WL 2756944 (E.D. California, July 14, 2008) adopting report and recommendation at 2008 WL 1931257 at * 1 (E.D. California, May 1, 2008) (dismissing habeas petition challenging parole violations where petitioner previously filed a petition challenging violation of his parole);

5. For the foregoing reasons the Court DISMISSES the case without prejudice and without leave to amend, and all pending motions (Dkts. 15 and 14) are denied as moot. The Clerk shall provide Petitioner a copy of this order.

IT IS SO ORDERED.

Dated this 1st day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge